**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHAD STEVEN COCO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-339** |
| **LAFOURCHE PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "O" (4)** |

# REPORT AND RECOMMENDATION

Plaintiff Chad Steven Coco ("Coco") filed a complaint pursuant to 42 U.S.C. § 1983, which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Having considered the record and the applicable law, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. Background

### A. Complaint (ECF No. 1)

Coco, a pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 against defendants Lafourche Parish Sheriff's Office and Unidentified Parties. ECF No. 1 at 1; *id*., ¶III(B-C), at 5. Coco alleges that on December 22, 2024, he and his girlfriend were arrested in Thibodaux, Louisiana. *Id*., ¶IV, at 5. At the time of his arrest, Coco states he had a school bag with his mother's ashes in it. Coco claims that jailers seized the urn and ashes for testing under the impression of the ashes being illegal narcotics. Coco states that in October 2025 he was made aware that his mother's ashes were sent for testing for illegal substances and were discarded afterwards. *Id*. at 6. As relief, Coco requests monetary damages for desecration of his mother's remains. *Id*., ¶IV, at 7.

## II. Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. Improper Defendants

Coco named Lafourche Parish Sheriff's Office and two unidentified sheriff's office deputies as defendants in this matter. ECF No. 1 at 1; *id.*, ¶III(B-C), at 5. As outlined below, Lafourche Parish Sheriff's Office and the unidentified sheriff's office deputies are not proper

defendants and the claims against them must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. REV. STAT. ANN. § 33:361 and *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. Apr. 12, 2001)). The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action. *Causey*, 167 F. Supp. 2d at 909 (citing *Norwood v. City of Hammond*, No. 99-879, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236, 238-39 (La. App. 3d Cir. 1977).

Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability. *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (sheriff's office); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (city police department office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F.3d 1005 n.1 (5th Cir. 1995)) (city police department).

Further, a plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and a responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). As for the two unidentified deputies, a § 1983 action must be filed against

an *actual identified person* who violated a constitutional right. *See*, *e.g., Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued; the specific medical personnel must be named); *Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06- 1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); and *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)). Coco has failed to name as a defendant any individual deputies of the Lafourche Parish Sheriff's Office who would be responsible for any purported constitutional violation.

For these reasons, Lafourche Parish Sheriff's Office and the Unidentified Parties are not a person or suable entity to be held liable under § 1983. Thus, the claims against them are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

**B. <u>Missing/Destroyed Personal Property</u>**

Coco claims his personal property consisting of an urn with his mother's ashes were taken by jail officials to be tested for suspected illegal narcotics and were ultimately destroyed. Even if Coco could identify a proper defendant, his claims are still frivolous because the loss of property is not actionable under § 1983 for the following reasons.

A state actor's negligence that results in an unintentional loss of property does not violate the Constitution because negligence is not actionable under § 1983. *See Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (per curiam*); see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding negligence is not actionable under § 1983). And an intentional deprivation of personal property likewise does not state a viable constitutional claim if the prisoner has access to an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see*

*also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam) (citations omitted) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally.")

Louisiana law provides an inmate with an adequate post-deprivation remedy through its expansive tort laws. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Bennett v. La. Dept. of Pub. Safety and Corrs.*, 61 F. App'x 919, 2003 WL 1109690, at *1 (5th Cir. 2003); *Arnold v. Inmate Accounts*, 48 F. App'x 105, 2002 WL 31017153, at *1 (5th Cir. 2002). Thus, Plaintiff's alleged deprivations of personal property does not implicate constitutional due process concerns as state law provides an adequate post-deprivation remedy. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property."); *Hudson v. Palmer*, 468 U.S. 517 (1984) (intentional deprivations); *Parratt v. Taylor*, 451 U.S. 527 (1981) (unauthorized deprivations).

In short, an official's actions, whether negligent or intentional, that result in a loss of property give rise to a state tort action rather than a federal civil rights claim. As constitutional concerns are not implicated by Coco's claimed loss of the urn containing his mother's ashes by jail officials, it is unnecessary to afford him an inherently futile opportunity to amend to name specific deputies as defendants. *See, e.g., Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) (holding that amendment not required because it was clear that underlying claim was frivolous and/or failed to state a claim on which relief may be granted); *see also Martzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has already alleged his best case and any further amendment would not state a valid § 1983 claim). Even if he could, the facts do not state a claim under § 1983 for deprivation of property. *Geiger v. Jowers*, 404 F.3d 371, 374

(5th Cir. 2005); *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("when an inmate's property is taken without compensation, his remedy is in state court, not federal court.").

## RECOMMENDATION

For the foregoing reasons,

It is **RECOMMENDED** that plaintiff Chad Steven Coco's 42 U.S.C. § 1983 claims against defendants Lafourche Parish Sheriff's Office and Unidentified Parties be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

New Orleans, Louisiana, this 11th day of August, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[1] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.